NATHAN R. RING, ESQ.
Nevada Bar No. 12078
**STRANCH, JENNINGS & GARVEY, PLLC**
3100 W. Charleson Blvd., Suite 208
Las Vegas, Nevada 89102
(725) 235-9750
nring@stranchlaw.com

Raina C. Borrelli, Esq.*
Samuel J. Strauss, Esq.*
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Phone: (872) 263-1100
Fax: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*Counsel for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LEROY DAVIS, individually and on behalf of all others similarly situated, | NO. |
| Plaintiff, | **PROPOSED CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| GREEN CHART LLC | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff LeRoy Davis ("Plaintiff" or "Mr. Davis"), individually and on behalf of all others similarly situated, bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendant Green Chart LLC ("Green Chart" or "Defendant").

# I. NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff brings this action to enforce the consumer-privacy provisions of the

1  TCPA, alleging that the Green Chart violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff bring this action on behalf of two proposed nationwide classes of other persons who received illegal telemarketing calls from, or on behalf of, Defendant.

5. A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7. This Court has general personal jurisdiction over Green Chart because their principal place of business is in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, as the telemarketing calls at issue were made from and into this District.

## III. PARTIES

9. Plaintiff LeRoy Davis is an individual.

10. Defendant Green Chart LLC is a limited liability company located in this District.

## IV. TCPA BACKGROUND

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

16. Plaintiff has never consented to receive calls or text messages from Defendant.

17. Despite this, Defendant repeatedly sent Plaintiff text message solicitations, including at least two in July 2025.

18. The texts were initiated for purposes of marketing Defendant's trading related products.

19. Green Chart primarily sells a web-based charting software specialized for day traders in Forex, crypto, and other markets. They also offer live training courses, at a price. For example, Defendant's Starter Suite package is $19.95/mo, its Advanced Training package is $59.95/mo, and Defendant's Live Trading Room package is $99.95/mo.

20. Plaintiff received the text below on July 1, 2025. It reads as follows:

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16    21.    Plaintiff received the text below on July 7, 2025. It reads as follows:

17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27

PROPOSED CLASS ACTION COMPLAINT - 5



22. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## VI. CLASS ACTION ALLEGATIONS

23. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

24. The Class of persons Plaintiff propose to represent are tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of the Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

25. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

26. The Class as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

27. The potential class members number is likely hundreds since telemarketing campaigns make calls to tens or hundreds of individuals each day. Individual joinder of these persons is impracticable.

28. Plaintiff is a member of the Class.

29. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether the calls were placed without obtaining the recipients' prior consent for the call; and

    b. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

30. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

31. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

32. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

33. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

34. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

35. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

36. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the members of the Class despite their numbers being on the National Do Not Call Registry.

37. The Defendant's violations were negligent, willful, or knowing.

38. As a result of Defendant' and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

39. Plaintiff and members of the Class are also entitled to and do seek injunctive relief

PROPOSED CLASS ACTION COMPLAINT - 8

prohibiting Defendant from making telemarketing calls (whether directly or via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Certification of the proposed Class;

    B.    Appointment of Plaintiff as a representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    An award to Plaintiff and the Class of damages, as allowed by law; and

    F.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

    G.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls (whether directly of via agents) to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

Dated: August 4, 2025                      Respectfully submitted,

                                             */s/ Nathan Ring*
                                            NATHAN R. RING, ESQ.
                                            Nevada Bar No. 12078
                                            **STRANCH, JENNINGS & GARVEY, PLLC**
                                            3100 W. Charleson Blvd., Suite 208
                                            Las Vegas, Nevada 89102
                                            (725) 235-9750
                                            nring@stranchlaw.com

                                            Raina C. Borrelli, Esq.*
                                            Samuel J. Strauss, Esq.*
                                            **STRAUSS BORRELLI PLLC**
                                            One Magnificent Mile
                                            980 N Michigan Avenue, Suite 1610

Chicago IL, 60611
Phone: (872) 263-1100
Fax: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

***Counsel for Plaintiff and the Proposed Class***

*Pro Hac Vice forthcoming